IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE E. NICHOLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-CV-104-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

*Pro se* Petitioner Lee E. Nichols, a federal pretrial detainee being held in the St. Clair County Jail, filed this Petition for a Writ of Habeas Corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner attempts to raise issues related to criminal proceedings in *USA v. Nichols*, No. 3:17-cr-30153-SMY-1 prior to sentencing scheduled on February 21, 2019.

This matter is now before the Court for preliminary review of the Section 2241 Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

As a preliminary matter, it is noted that the United States of America is named as the sole respondent. The proper respondent in a habeas corpus proceeding is the person who has *immediate* custody over the petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla,* 542 U.S. 426, 434–35 (2004); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Consequently, the Sheriff of St. Clair County is the proper respondent. *See*

425 F.3d 1048, 1049 (7th Cir.2005) (any respondent who is not the prisoner's custodian should be dropped from the action). Although this error can be easily remedied, the Petition is otherwise flawed and must be dismissed.

To be eligible for habeas corpus relief under Section 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins,* 245 U.S. 390, 391-92, 38 S.Ct. 166, 62 L.Ed. 358 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States,* 199 U.S. 547, 550-51, 26 S.Ct. 147, 50 L.Ed. 303 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Fassler v. United States,* 858 F.2d 1016, 1018-19 (5th Cir.1988) (per curiam) (stating that defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito,* 861 F.2d 1006, 1009 (7th Cir.1987) (same).

Petitioner claims his arrest was illegal, his plea agreement is not voluntary, he has been deceived, and the federal government is violating his rights by pursing the charges against him in the criminal proceedings. Petitioner should pursue these issues and available remedies in his federal criminal case. Because Petitioner has not exhausted other available remedies, the Petition will be dismissed.

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court in accord with Federal Rule of Appellate Procedure 4(a)(1)(A). A motion for leave to appeal *in*

*forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and close this case.

**IT IS SO ORDERED.**

**Dated: February 11, 2019**

**s/ STACI M. YANDLE**
**District Judge**
**United States District Court**